873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel Augustus BROWN, II, Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Department of Corrections,
Respondent-Appellee.
 No. 88-7791.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 10, 1989.
Decided: April 13, 1989.
 
 Daniel Augustus Brown, II, appellant pro se.
 Thomas Drummond Bagwell (Office of the Attorney General).
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Daniel Augustus Brown seeks to appeal the magistrate's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254.* Our review of the magistrate's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and, as to claims 1(a)-(k), 2, and (3), dismiss the appeal on the reasoning of the magistrate. Brown v. Murray, C/A No. 88-161-N (E.D.Va. Sept. 20, 1988).
 
 
 2
 We also dismiss the appeal as to claims 1(1) and (m) but for reasons different from those of the magistrate. The magistrate found these claims to be procedurally barred under Va. Code Ann. Sec. 8.01-654(B)(2) because Brown had failed to include them in his petition for habeas corpus relief filed in the state circuit court. Instead, the claims were presented for the first time to the Virginia Supreme Court in the petition for appeal from the circuit court's denial of his petition.
 
 
 3
 In dismissing Brown's appeal, however, the Virginia Supreme Court did not indicate that it was applying a procedural bar to any of Brown's claims. Instead, the supreme court's order stated "upon review of the record in this case and consideration of the arguments submitted in support of the granting of appeal, the court is of opinion there is no reversible error in the judgment complained of. Accordingly, the court refuses the petition for appeal."
 
 
 4
 Because the Virginia Supreme Court did not specifically indicate that it was applying its procedural bar, instead of dismissing the claims on the merits, a federal habeas court must reach the merits of the claim. See Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677) (procedural default will not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar). We do not need to remand this case for consideration of these claims on their merits, however, because the record clearly shows them to be without merit as a matter of law.
 
 
 5
 Brown contends in claim 1(1) that his counsel was ineffective because he failed to object to the prosecutor's comment to the jury regarding the lack of alibi witnesses to Brown's whereabouts during a critical period of time. This isolated comment made by the prosecution, even assuming that it was improper, did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 168 (1986). Counsel was not ineffective for failing to object to it.
 
 
 6
 In claim 1(m) Brown contends that he was denied the effective assistance of counsel because his trial counsel failed to move for a "cautionary instruction to the jury regarding alibi witnesses." This claim is conclusory and Brown has given no indication as to how he was prejudiced by this omission on the part of his attorney. We cannot conclude that Brown was denied the effective assistance of counsel as a result of the absence of the "cautionary instruction." See Strickland v. Washington, 466 U.S. 668, 697 (1984).
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 *
 Jurisdiction is proper pursuant to 28 U.S.C. Sec. 636(c)